RICHARD PENDERGAST, Appellant, *v.* THE CITY OF PERU, Appellee.

APPEAL FROM LA SALLE.

A copy of a city ordinance, certified in conformity with the charter, is proper evidence of the existence of such ordinance, in a suit where the city is a party.
In a suit for violating a city ordinance, by selling liquor without a license, if the defendant stated that the city charged too much for license, and that he could not afford to pay the license, and pleads guilty to the charge of violating the ordinance, it will be held that the fact is established that he had not a license,

that he had sold liquor, and that his plea of guilty had reference to that offense, although the ordinance contained other provisions of prohibition and other penalties.

In a proceeding before a justice of the peace, technical accuracy in the form of the judgment, whether it be in debt or for a penalty, will not be held indispensable.

THIS was an action originally brought before the police magistrate of the city of Peru, by plaintiff below, against defendant below, to recover a debt for the violation of an ordinance of said city, and removed, on appeal, to the Circuit Court.

The cause was tried at the November term, A. D. 1857, of said La Salle County Circuit Court, M. E. HOLLISTER, Judge, presiding, both parties having waived a jury.

HOUGH & BASCOM, for Appellant.

W. H. L. WALLACE, for Appellee.

WALKER, J. The first question presented by this record for our consideration, is, whether the court erred in admitting the copy of the city by-laws. The copy was certified by the city clerk, and verified by its corporate seal, which is literally a compliance with the charter. Private laws, 1851, p. 120, sec. 44. The evidence even went further, and showed that they had been published as required by the charter. And there is not the slightest ground for this objection.

It was next urged that the evidence did not sustain the finding of the court. This we think is untenable. When the officer served defendant with process, he stated that the city charged too much for licenses, and he could not afford to pay the price. It appeared that he had sold liquor before the commencement of the suit, and on the trial before the police court, he plead guilty to the charge of violating the city ordinance, for which he was then prosecuted. This evidence, when taken together, clearly establishes the fact, that he had no license, that he had sold liquor and plead guilty to the violation of the ordinance, one of the provisions of which prohibited its sale without a license. The prohibition is contained in the second section of the city ordinances, and provides, " That it shall not be lawful for any person or persons to sell, barter or exchange, any wine, brandy, rum, gin, whisky, beer, ale, porter, or other vinous, spiritous, malt or fermented liquors, or any mixture, part of which is spirituous or fermented liquors, without being duly licensed to keep a grocery, for selling of wines, etc., and upon a violation of this section, the person or persons so offending, shall forfeit and pay for each offense a sum not less than twenty-five dollars, nor more than one hundred dollars, and

costs of suit." The ordinance, it is urged, contained other pro-
hibitions and penalties, and that his admission of a breach
might have related to those. This is not the inference from the
evidence, as it showed that he had sold liquor, and there is
nothing tending to show, in the slightest degree, that he had
violated some other provision of the city ordinance. And his
statement that the city charged too high for a license, when
unexplained, was inferentially an admission that he had no
license; and this rendered it unnecessary for the prosecution
to prove that fact, even if such proof would have otherwise been
required.

The only remaining question is, whether the court erred in
its finding and rendering judgment in damages, when the pro-
ceeding was in debt, for the recovery of a penalty. There is
no doubt but a finding and recovery in the latter form is more
conformable to the ancient practice, but it was strictly technical,
and not calculated, in the slightest degree, to promote justice.
In furtherance of justice, mere technical rules should not be
permitted to prevail, unless the rule is so firmly established that
the courts are not at liberty to disregard them, as settled law.
This court, in an action that originated before a justice of the
peace, on a record for the recovery of the amount of the judgment
found by the record, and in which the Circuit Court, on an
appeal, rendered a judgment in damages, held that the judgment
was regular. *Horton* v. *Critchfield*, 18 Ill. R. 135. That case
is decisive of this question. On the whole record in this case,
we are unable to perceive any error that should reverse the
judgment of the court below, and the same should therefore be
affirmed.

*Judgment affirmed.*