RICHARD MOSS

*v.*

THE VILLAGE OF OAKLAND.

1. ORDINANCE—*proof of publication.* The certificate of a village clerk of the due publication of an ordinance, is made, by the statute, sufficient evidence of that fact. Whether published in book or pamphlet form, or written notices of its passage have been posted in the village, is immaterial. It is sufficient to publish the same in a newspaper of the village.

2. SAME—*mistake in publication.* It is no objection to an ordinance that a word was not accurately printed in the publication of the same, when it is plain from the context what word was intended.

3. PRACTICE—*objection to form of verdict must be made below.* Where no objection is made to the form of a verdict in the court below, it can not be urged in this court.

APPEAL from the Circuit Court of Coles county; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was an action of debt, brought by the village of Oakland, against Richard Moss, to recover for the breach of an ordinance to prohibit the sale of intoxicating liquor. The case originated before a justice of the peace, and was taken by appeal to the circuit court.

On the trial, the plaintiff offered in evidence the ordinance of the village, with the following certificate thereto attached:

"STATE OF ILLINOIS, }
    *Coles County.*      }

"I, J. W. Clement, clerk of the village of Oakland, do hereby certify that the foregoing is a true and authentic copy of an ordinance of the village of Oakland, passed Sept. 4, 1876, approved Sept. 5, 1876, and published in the Oakland Herald, a newspaper published in said village, by one insertion Sept. 15, 1876; that the same is now on file in the office of said clerk, and that I am the keeper of the same.

"In testimony whereof I have hereunto set my hand and affixed the corporate seal of said village this 23d day of January, 1877.

[L. S.]          J. W. CLEMENT, *Village Clerk.*"

The defendant objected to the reading of the ordinance for the reason that the certificate and attaching of the seal to said ordinance bear date after the commencement of the suit and cause of action accrued, and also because the ordinance had never been printed in book or pamphlet form or newspaper, nor posted by written copies. The court overruled the objection and admitted the ordinance.

The defendant proved that the clerk's certificate was attached to the ordinance after suit was brought, and offered to prove by the clerk that the ordinance had never been printed in book or pamphlet form, or written notices posted in the village, which, on objection, the court refused to admit.

The verdict of the jury was: "We, the jury, find for the plaintiff, and assess the damages at $120." Upon which the court rendered judgment.

Mr. A. J. HUNTER, for the appellant.

Mr. JOE H. WINKLER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

No question is made that defendant was guilty of a violation of the village ordinance, and was liable to the penalties imposed if the ordinance had been previously published as the law directs.

The certificate of the village clerk attached thereto is sufficient evidence of the due publication of the ordinance. Such certificate is expressly made evidence of that fact by the positive provisions of the statute. The question asked, whether the ordinance had ever been published in book or pamphlet form, or whether written notices of its passage had been posted in the village of Oakland, was immaterial. It is sufficient it was published in a newspaper published in the village, and that was done.

The objection, the word "prosecutions" was not accurately printed in the published ordinance, is frivolous. It is plain from the context what word was intended.

It does not appear any objection was taken to the form of the verdict in the court below, and the judgment entered upon it is in due form.

The judgment will be affirmed.

*Judgment affirmed.*