VICTORIA A. LINDSAY

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa November 14, 1885.*

1. SPECIAL ASSESSMENT *for local improvement—necessity of ordinance, in order to a confirmation.* Under the general Incorporation law, in order to obtain a judgment of confirmation of a special assessment for a local improvement, it is essential for the city or village to aver and prove that an ordinance authorizing the improvement had been passed. Such ordinance is the foundation of the proceeding, and can not be dispensed with.

2. ORDINANCE—EVIDENCE—*proof of the passage and publication of an ordinance, and of its contents.* Where the ordinances of a city or village incorporated under the general law are printed in book or pamphlet form, purporting to be published by authority of the city council or board of trustees, such book or pamphlet is evidence of the passage and contents of the ordinances therein contained, and of their legal publication.

3. By the statute, all ordinances of a city or village incorporated under the general law, and their publication, may be proved by the certificate of the city or village clerk, under the seal of the corporation. Under this law, ·a certified copy of an ordinance, under the seal of the corporation, made by

the clerk, will have the same force and effect, as evidence, as a printed book of ordinances, which is made evidence of the publication and passage of an ordinance.

4. The production of a duly certified copy of an ordinance of a city acting under the general Incorporation law, affords *prima facie* evidence that every step has been taken with reference to it to make it a valid ordinance. If the party against whom the ordinance is sought to be used desires to controvert the fact that it was duly passed by a majority vote on the call of the ayes and noes, as required by section 13, article 3, of the act, it devolves upon him to produce the journal, and thereby overcome the *prima facie* case made by the production of the ordinance, or a certified copy thereof.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. E. J. WHITEHEAD, for the appellant.

Mr. G. W. HAYNES, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a judgment of the county court of Cook county, confirming a special assessment. In the petition presented to the county court, in which the city of Chicago asks to have the assessment confirmed, it is alleged that on the 13th day of November, 1882, the city council passed an ordinance providing that Canalport avenue, from Canal street to Halsted street, be paved with a certain specified pavement. What purports to be a copy of the ordinance is attached to the petition. On the day fixed by the court for those interested to file objections to the confirmation of the assessment, appellant appeared, and objected, in writing, to the confirmation of the assessment, upon the alleged ground that no ordinance was ever passed by the city council of Chicago directing or authorizing the paving of Canalport avenue, as alleged in the petition. On the hearing, the petitioner offered in evidence a certified copy of the ordinance set out in the petition, and the appellant objected to the reading of the certified copy in evidence, because there was no evidence that the ordinance

had been passed by the city council of Chicago. The court overruled the objection, and entered a judgment of confirmation.

It was essential for the city, in order to obtain a judgment of confirmation, to aver and prove that an ordinance authorizing the improvement had been passed. Section 19, article 9, of the City and Village act, provides: "Whenever such local improvements are to be made, wholly or in part, by special assessment, the said council in cities * * * shall pass an ordinance to that effect, specifying therein the nature, character, locality and description of such improvement." (Rev. Stat. 1874, p. 234.) An ordinance providing for the improvement was the foundation of the proceeding, and the passage of an ordinance could not be dispensed with.

But it is contended that the evidence before the court established the existence of an ordinance, while on the other hand it is contended that the passage of an ordinance could only be established by the production of the journal containing the proceedings of the city council, and that the journal must show that the yeas and nays were taken, and that a majority of the members elect voted for the ordinance on the call of the yeas and nays. This last position is predicated on section 13, article 3, of the City and Village act, which declares: "The yeas and nays shall be taken upon the passage of all ordinances, * * * which shall be entered on the journal of its proceedings; and the concurrence of a majority of all the members elected in the city council shall be necessary to the passage of any such ordinance or proposition." (Rev. Stat. 1874, p. 215.) If this was the only provision of the statute relating to the passage, or proof of the passage, of ordinances, there would be much force in the position of appellant. But such is not the case. Section 4 of article 5 of the same statute, provides: "All ordinances, and the date of publication thereof, may be proven by the certificate of the clerk, under the seal of the corporation. And when printed

in book or pamphlet form, and purporting to be published by authority of the board of trustees or the city council, the same need not be otherwise published; and such book or pamphlet shall be received as evidence of the passage and legal publication of such ordinances, as of the dates mentioned in such book or pamphlet, in all courts and places, without further proof."

It is too plain to admit of argument, that where the ordinances of a town or city have been printed in book or pamphlet form, purporting to be published by authority of the board of trustees or city council, the book shall be received as evidence of the passage of the ordinance, because this is the plain language of the statute. But a book of ordinances was not put in evidence. The petitioner, in lieu of the book, put in evidence a certified copy, attested by the clerk, under the seal of the corporation. This, in our opinion, proved the passage of the ordinance as effectually as the fact would have been proven had a printed book of ordinances been admitted. The language found in the first part of section 4,—"All ordinances, and the date of publication, may be proven by the certificate of the clerk, under the seal of the corporation,"— will admit of no other construction. It is said this means that you may thus prove the contents of an ordinance. But such is not the language of the act. The language is, the ordinance may be proven. The legislature no doubt intended, by the use of this language, that a certified copy of an ordinance, under the seal of the corporation, made by the clerk of the council, should have the same force and effect, as evidence, as a printed book of ordinances, which, in express terms, is made evidence of the passage and publication of an ordinance. In *Byars* v. *City of Mt. Vernon*, 77 Ill. 467, it was held, under the last part of section 4, *supra*, that where the ordinances of a city or town incorporated under the general law, are published in a book by authority of the board of trustees or city council, such book is competent evidence of

the passage of the ordinances contained therein. And in *Schott* v. *The People*, 89 Ill. 196, the decision was cited with approval, and it was there said: "It is doubtless competent for the legislature to enact that the simple production of the ordinance or of a copy thereof shall be *prima facie* evidence that every step has been taken with reference to it essential to make it a valid ordinance; and this is the effect of section 65 of the general act in relation to the incorporation of cities, towns and villages."

We are satisfied that under the first part of section 4, the legislature intended to provide that the production of an ordinance certified by the clerk, under the seal of the corporation, should be at least *prima facie* evidence of the passage of such ordinance. And if the appellant desired to controvert the fact that the ordinance was passed as required by section 13, article 3, of the statute heretofore cited, it devolved upon him to produce the journal, and thus overcome the *prima facie* case made out by the production of the ordinance.

The judgment of the county court will be affirmed.

*Judgment affirmed.*