## McGregor v. Village of Lovington.

1. *Proof of Ordinances—Certificate of Village Clerk.*—Village ordinances may be proved by the production of a printed book of ordinances purporting to be published by the order or authority of the village trustees.

2. *Certificate of the Village Clerk—Sufficiency—Surplusage.*—Where a village ordinance, contained in a printed book of ordinances 'purporting to be published by the order or authority of the village trustees, accompanied by the printed certificate, including the signature of the clerk, was admitted in evidence, *it was held* that the certificate, including the name of the clerk, being in print, would be wholly insufficient if a certificate of the clerk was necessary. In this case being unnecessary, it was mere surplusage.

3. *Publication of Ordinances by Authority, etc.—How Shown.*—The fact that the book of ordinances was published by the authority of the village trustees may be shown by a printed statement to that effect itself.

Memorandum.—Suit for the violation of a village ordinance. Appeal from County Court of Moultrie County; the Hon. JOHN D. PURVIS, County Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

McGregor v. Village of Lovington.

APPELLANT'S STATEMENT OF THE CASE.

This is a prosecution brought by the village of Lovington against McGregor, before a justice of the peace, for the violation of an ordinance prohibiting the sale or giving way of intoxicating liquor, resulting in a judgment against the appellant. The cause was appealed to the County Court of Moultrie County, resulting there also in a judgment against the appellant. He appeals again to this court.

J. R. & WALTER EDEN, attorneys for appellant.

W. G. COCHRAN, attorney for appellee.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*
The appellant was adjudged guilty of a violation of an ordinance of the village; hence this appeal.

The only complaint is that the proof does not show that the ordinance was in force at the time of the commission of the offense.

Sec. 47, Chap. 24, Revised Statutes (Starr & Curtis), provides that all ordinances, before they take effect, shall be *deposited* in the office of city or village clerk. An ordinance of the appellee village, intended evidently only as a recognition of this statutory requirement, provides that all ordinances of the village shall be *filed* in the office of the village clerk before taking effect.

Appellant insists that there is no proof that the ordinance which he was charged with having violated had been deposited or filed with the clerk. A printed book of ordinances of the village was introduced in evidence, which we think was *prima facie* proof of the due enactment of such ordinance and of compliance with all statutory requirements affecting the ordinances. The ordinance of which the appellant stood charged with a violation is shown by the book of ordinances to have been in full force and effect before the commitment of the offense. It is, however, contended that the certificate of authentication attached to the book of ordinances is fatally defective, (1) because the clerk who

makes the certificate does not certify that he is the custodian of the ordinances; (2) because the certificate is not under the "hand of the clerk." The certificate, including the name of the clerk, is in print, and would be wholly insufficient if a certificate was necessary.

Ordinances may be proved by the certificate of the clerk, under the seal of the corporation (Sec. 66, Chap. 24, Rev. Stat. Starr & Curtis), and when this mode of proof is adopted, the authentication must be in compliance with Secs. 13, 14, 15 and 16 of Chap. 51 R. S., entitled Evidence, one requirement being that the certificate be under the hand of the clerk.

Ordinances may, however, be proved by the production in evidence of a printed book of ordinances purporting to be published by the order or authority of the village trustees. Sec. 66, Chap. 24, Rev. Statutes; Lindsay v. Chicago, 115 Ill. 120.

The latter mode was adopted in the case at bar. It was, therefore, immaterial whether such ordinances were authenticated otherwise than by the production of the printed book of ordinances.

The book introduced purported to contain the ordinances of the village, and to show when they took effect, and upon its face purported to be published by the order of the village trustees.

This is sufficient *prima facie* proof of the validity of the ordinance and of compliance with all prerequisites of the statute, including the deposit of the ordinance with the clerk, and the filing thereof by him, if such be a prerequisite. Lindsay v. Chicago, *supra*.

That the book was published by the order or authority of the village trustees may be shown by a printed statement to that effect in the book itself. Eagan v. Connelly, 107 Ill. 458.

No reason appearing for a reversal of the judgment, it is affirmed.