## STEPHEN BOYER
### V.
## YATES CITY.

*Dram Shops—Sale without a License—Ordinance.*

1.   A specific objection based solely upon a particular fact is strictly a waiver of all objections based upon other facts not specified or relied upon.

2.   In an action brought to recover a penalty for the alleged violation of a municipal ordinance prohibiting the sale of liquor without a license, the only question raised being as to the propriety of admitting in evidence the record book of the ordinances of the city, containing the ordinance in relation to dram shops, without proof of the due publication thereof,  charter providing for the posting of ordinances in public places, this court holds that production of the record was sufficient proof *prima facie* of the due posting of the ordinance in question, and of every preceding action of the city council necessary to make it a valid ordinance; and no other authentication or proof was necessary.

[Opinion filed May 25, 1893.]

IN ERROR to the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. J. A. McKENZIE and J. L. WELLS, for plaintiff in error.

Messrs. WILLIAMS, LAWRENCE & BANCROFT, for defendant in error

MR. JUSTICE LACEY.   This was a suit by defendant in error to recover a penalty for violation of the city ordinance against selling liquor without license.   There was no question but there was a sale by plaintiff in error within the corporate limits of defendant in error of intoxicating liquors, contrary to its ordinance.   The only serious question raised by plaintiff in error, and the only alleged error, was in the

admission by the court below of the record book of ordinances containing the ordinance in relation to dram shops, under which conviction was sought, without any proof of the due publication of the ordinance which the charter provides—Section 36: "Printed or written copies of all ordinances passed by the city council shall be posted up in at least three of the most public places in said city within thirty days after their passage, and all ordinances shall take effect at the expiration of ten days after such posting."

Due proof was made of the book containing the official copy of the city ordinances, as kept in the city clerk's office, and the ordinance contained therein. Chapter 12 in relation to dram shops, being the official record of one of the chapters of one of the ordinances of appellee, particularly sections one, four, five and nine, was offered and admitted in evidence against the objection of appellant made at the time, for the reason that no proof of posting was made, and because the certificate of such posting thereto attached was insufficient. The objection was overruled and the plaintiff in error excepted. The entry of posting attached to the ordinance, to the sufficiency of which objection was made, is as follows: "Posted by the city clerk, this 14th day of May, 1888. T. J. Kightlinger, City Clerk. R. A. Lower, President of the City Council;" and with the corporate seal of the city thereto attached. The objection to the certificate is that it fails to show the manner of posting or that it was posted according to the provisions of the charter.

This seems to be the only question of importance in the case. In order to show that the proof of the ordinance was regular, the charter of the city of Yates City, approved March 4, 1869, as especially Sections 30 to 37 of Article 4, of the charter as to ordinances, was introduced in evidence. Section 35 of the charter reads as follows: "All ordinances passed by the city of Yates City shall be recorded in a book purporting to be a record of the ordinances of said city; shall be received in evidence in all courts and places without further authentication or proof."

Section 37 contains a similar provision when the ordi-

nances are printed or published in book or pamphlet form or printed and published in any newspaper in Knox County, if purporting to be printed or published by authority of the city council under the corporate seal. All other objections to the proof of the ordinance in law were waived by plaintiff in error by only making the one specific objection. This is held in T. H. & I. R. R. Company v. Voelker, 129 Ill., page 540, in which the court says, " a specific objection based solely upon a particular fact, is strictly a waiver of all objections based upon other facts not specified or relied upon."

Without stopping to inquire whether the certificate of the clerk as to the legal sufficiency of the posting of the ordinance was sufficient or not, we think, under the evidence in Section 35 of the charter, the ordinance was sufficiently proven, even without any certificate.

The book of ordinances containing the ordinances of the city was introduced in evidence, and that was sufficient proof *prima facie* of the due posting of the ordinance and of every preceding action of the city council necessary to make it a valid ordinance, and no other authentication or proof was necessary.

We think this was clearly the effect and meaning of the section of the charter in question. In principle this was so decided by the Supreme Court in T. H. & I. R. R. Company v. Voelker, *supra*, in passing on a similar provision of a section of a charter of East St. Louis, Sec. 13, Article 7, Private Laws of 1869, volume 1, page 896. The section in question reads as follows: " All ordinances and resolutions of the city, when proven by the seal of the corporation and when printed in pamphlet or book form and purporting to be printed or published by authority of the city council, the same shall be received in evidence in all courts and places without further proof."

The Supreme Court held the production of the pamphlet or book containing the ordinance in question under the seal of the corporation and purporting to be printed and published by the authority of the city council, to be sufficient evidence

of the due existence of the ordinance, and use this language : " Here the proof was made by the corporate seal and t' · certificate of the city clerk, who was the proper custodi. : of the seal." " This was all that was required to establish at least *prima facie*, the existence of the ordinance and its terms." Citing Pendergast v. City of Peru, 20 Ill. 51, Lindsay v. City of Chicago, 115 Ill. 120, and Schott v. People, 89 Ill. 195. It will be seen by Section 35 of the Yates City ordinance above quoted, that it is still more liberal in its provisions than the corresponding section in the East St. Louis ordinance, in that it does not require that the passage of the ordinance shall be proven by the seal of the corporation. Yet there is no objection in this case of the proof of the passage of the ordinance, it having been duly certified by the clerk as passed under the seal of the corporation on the 7th day of May, 1888.

We think, then, the objection made by counsel for plaintiff in error is not tenable and the court did not err in overruling it.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*