## Joseph Chamberlain et al. v. The City of Litchfield.

1. ORDINANCES—*Proof of Publication.*—In the absence of any specific objection, the publication of an ordinance is sufficiently shown by a certificate of the clerk attached in the following form:

" STATE OF ILLINOIS, ⎫
MONTGOMERY COUNTY, ⎬ ss.
CITY OF LITCHFIELD. ⎭

I, W. L. Bateman, City Clerk of the City of Litchfield, in the county and State aforesaid, do hereby certify that the foregoing is a true and authentic copy of ordinance No. 649, entitled " An ordinance concerning misdemeanors in relation to animals upon improved streets," passed and approved May 4, A. D. 1893, recorded on page 143 of Records " D," of ordinances of said city, and that the same was duly published according to law.

In witness whereof I have hereto affixed my hand and the seal of said city this 23d day of April A. D. 1894.

[SEAL.]                         W. L. BATEMAN, City Clerk."

2. SAME—*Boulevarded Streets—Validity.*—An ordinance providing that " it shall be unlawful for the owner of, or any person having control over any cow or cows, cattle, horses, mare or mule, to permit the same to run at large, or to drive or permit the same to be driven upon any of the public streets of the city along which the residents thereof shall have improved the same by the constructing in whole or in part, along and outside the sidewalks thereof, of grass plats, boulevards, or terraces, unless such cow or cows, horse, mare or mule shall be under the care and control of some competent person and secured by rope, halter, harness or other suitable and sufficient device to properly control the same," and imposing fines for its violation, is valid.

3. VENUE—*In Suits for the Violation of Ordinances.*—In determining the fact as to whether an act claimed to be a violation of an ordinance was committed within the limits of the municipality, courts will consider all the evidence in the case.

4. SAME—*May be Proved the Same as any Other Fact.*—It is not essential that an act claimed to be a violation of an ordinance should be shown to have been committed within the limits of the municipality by direct testimony; it may be shown by any competent proof.

5. JUDICIAL NOTICE—*Of what Courts take.*—Courts take judicial notice of the cities and villages of a county.

6. QUESTION OF LAW—*Device for Controlling an Animal.*—The question as to whether a stick or whip, in the hands of a driver, riding or walking behind a domestic animal, is such a " device" for controlling it as is contemplated by an ordinance prohibiting animals from being driven upon the public streets of a city, unless under the care and control of some competent person, and secured by rope, halter, harness or

other suitable and sufficient device to properly control the same, is not one of fact for the determination of a jury, but of law for the court.

**Memorandum.**—Suit for a violation of an ordinance. In the Circuit Court of Montgomery County, on appeal from a justice of the peace. The Hon. ROBERT B. SHIRLEY, Judge, presiding. Trial by jury; verdict of guilty; appeal by defendants. Heard in this court at the November term, 1894, and affirmed. Opinion filed February 11, 1895.

APPELLANTS' BRIEF, LANE & COOPER, ATTORNEYS.

Before a conviction can be had it must appear affirmatively from the testimony that the act or offense must be proven to have been done within the territorial limits of the corporation. Sattlee v. The People, 59 Ill. 68; Rice v. The People, 38 Ill. 435; Jackson v. The People, 40 Ill. 405; Mayor v. Nell, 3 Yeates, 475; Taylor v. Americus, 39 Ga. 59; Moore v. The People, 150 Ill. 405; Rice v. The People, 38 Ill. 434; Jackson v. The People, 40 Ill. 405; Sattler v. The People, 59 Ill. 68; Dougherty v. The People, 118 Ill. 163.

APPELLEE'S BRIEF, JOHN P. GARDNER, ATTORNEY; MILTON M. CREIGHTON, OF COUNSEL.

The court will take judicial notice in this case that the city of Litchfield is in the county of Montgomery and State of Illinois. Harding v. Strong, 42 Ill. 148; People, etc., v. Sappinger, 103 Ill. 434; Dougherty v. The People, 118 Ill. 160.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

On a trial by jury upon appeal from a justice of the peace, appellants were found guilty of the violation of an alleged ordinance of the city of Litchfield, as follows:

Be it ordained, etc. Section 1. That after the 20th day of May, A. D. 1893, it shall be unlawful for the owner of, or any person having control over any cow or cows, cattle, horses, mare or mules, to drive or permit the same to be driven upon any of the public streets of the city, along which the residents thereof shall have improved the same by the

constructing in whole or in part along and outside the sidewalks thereof, of grass plats, boulevards or terraces, unless such cow or cows, horse, mare or mule shall be under the care and control of some competent person and secured by rope, halter, harness or other suitable and sufficient device to properly control the same.

Section 2 prescribes for its violation a fine of not less than three nor more than one hundred dollars.

When plaintiff's case in chief was closed, defendants moved the court to exclude the evidence and instruct the jury to find them not guilty, which was refused; and upon the rendition of the verdict of guilty, a motion for a new trial was also refused and judgment rendered imposing a fine of three dollars upon each and for the costs.

The evidence shows that in June, 1893, the defendants drove two fatted cows down Union avenue, a boulevarded street of Litchfield, to a slaughter house east of it; that Chamberlain rode a horse, leading another, and Simpson closely followed the cows, on foot, carrying in his hand only a stick; that the cows were loose, without a halter, rope or anything that could be called a device for properly controlling them, in any way attached to them, or, so far as appeared, in possession of the drivers; and that the cows did at times get upon the sidewalks and grass plats of the avenue.

The points urged against the judgment are that the ordinance was admitted in evidence without sufficient proof of its publication; that it was not a valid ordinance; that the venue was not proved; and that the court excluded all evidence offered to prove that defendants, from experience, were competent to drive, handle and control cattle; that these cows were actually under their control, were gentle and did not injure the walks or grass.

It is perhaps a sufficient answer to all of these except the one last stated, that to the introduction of the ordinance no specific objection was made.

The evidence so offered was a certified copy of the ordinance and the certificate thereto attached, which was as follows:

Chamberlain v. City of Litchfield.

STATE OF ILLINOIS, ⎫
MONTGOMERY COUNTY, ⎬ ss.
CITY OF LITCHFIELD. ⎭

I, W. L. Bateman, City Clerk of the City of Litchfield, in the county and State aforesaid, do hereby Certify that the foregoing is a true and authentic copy of ordinance No. 649, entitled "An ordinance concerning misdemeanors in relation to animals upon improved streets," passed and approved May 4, A. D. 1893, recorded on page 143 of records "D," of ordinances of said city, and that the same was duly published according to law.

In witness whereof I have hereto affixed my hand and the seal of said city, this 23d day of April, A. D. 1894.

W. L. BATEMAN,

[SEAL.] City Clerk.

We think this, without specific objections, was *prima facie* evidence of its passage and due publication. Lindsay v. Chicago, 115 Ill. 120; Moss v. Village of Oakland, 88 Ill. 109.

Was the act here charged sufficiently shown to have been committed within the corporate limits of the city of Litchfield, in the county of Montgomery, and State of Illinois? It is claimed that this question is settled by the case of Dougherty v. The People, 118 Ill. 160. There the venue was Cook county, and the court said the witnesses "refer to streets" and localities by name, without indicating further, however, in what county or even in what city they are; nor do they mention any fact or circumstances showing by necessary inference that such street or localities must be in the city of Chicago, or elsewhere in Cook county." In the latter case of Sullivan v. The People, 122 Ill. 385, in speaking of the contention that it did not affirmatively appear that the offense was committed in that county, the court said it was a misapprehension of the evidence, and that when all of it was considered that fact did appear. "The prosecuting witness testified that she lived on Emerson avenue, formerly called Ashley street, and that the offense was committed in her house. One of the witnesses for the defense

testified that she lived near the prosecuting witness * * *
and that she had lived on Emerson avenue twenty years and
in Chicago twenty-seven." The necessary inference is that
the period of her residence on Emerson avenue was included
in the twenty-seven years she lived in Chicago, and hence
that Emerson avenue must have been in Chicago. The court
then proceeds: "This evidence, considered in connection
with the affirmative fact which appears from the record, that
the trial was had in Cook county, where it is alleged the
offense was perpetrated, is sufficient to support the finding
of the jury that the offense was committed in the county of
Cook. Of course this court will take judicial notice that Chi-
cago is in Cook county. Proof that a crime was committed
in Chicago, is proof that it was committed in Cook county.
On the whole record considered, not the slightest doubt
remains that the offense of which defendant was convicted
was committed in the county alleged in the indictment."

Here the record shows the case was tried before a justice
of the peace, and on appeal in Montgomery county, the cer-
tificate of the city clerk shows Litchfield to be in that
county in the State of Illinois. The testimony of the defend-
ant, Chamberlain, is that they drove the cows down Union
avenue, that they had a horse apiece "until they got up
town," when Simpson dismounted, and they all testify that
Union avenue is a paved and boulevarded street of Litch-
field. Simpson had dismounted and they were on that
avenue and up town when the offense was committed. It
can not be doubted, upon all the evidence in the record, that
it was within the corporate limits of the city of Litchfield,
in the county of Montgomery and State of Illinois.

But it is further argued that the ordinance is void, because
it "depends upon the will of the residents of any street
whether they construct boulevards on such street or not, and
therefore it depends upon their will whether the ordinance
shall be a valid ordinance or not." This is the language of
counsel. We think the inference is a *non sequitur*. It is not
the validity but the application of the ordinance that so de-
pends, and it is but the common case of laws regulating vol-

·untary action. Guild v. City of Chicago, 82 Ill. 476, and cases there cited. They are none the less valid or reasonable because they do not apply to those who do not choose to bring themselves within their provisions, nor because there may be some who can not. The protection of this ordinance is provided for and offered to the residents of all the streets of Litchfield ali ke and upon the same conditions. It was ordained by the proper authorities, and is either valid or invalid, whether the residents of all or of some only, or of none of the streets " will avail themselves of it." And we perceive nothing unreasonable in it.

As to the excluded evidence we hold that none of the facts sought to be proved thereby, nor all together, were material without proof; also that on the occasion in question the cows were secured by rope, halter, harness, or other suitable and sufficient device to properly control them. Manifestly, it was upon the understanding that no such proof was expected or intended to be made, that the evidence offered was objected to and the objection sustained. We further hold that whether a stick or whip in the hands of a driver, walking or riding behind them, was or was not such a " device " for controlling them as was contemplated by the ordinance, was not a question for the jury. If any other was expected to be shown, it should have been so stated to the court or the proof offered. Neither was done, nor has it been intimated here that any such proof would or could have been made; and if such was the fact, as we may now assume, the ruling was correct, and the judgment will be affirmed.