## City of Centralia, Appellee, v. Warren Basha, Appellant.

1. EVIDENCE, § 249*—*when certificate of clerk as to publication of ordinance is sufficient to warrant admission of ordinance.* If no provision is made by statute as to the mode of proving an ordinance and "its legal publication," the certificate thereto must contain a recital as to each step required in its passage and publication; but in view of section 82, ch. 24, Hurd's Rev. St. 1916 (J. & A. ¶ 1354), providing a different mode of proof, a general statement of publication in the certificate of the clerk is sufficient to render the ordinance admissible in evidence.

2. EVIDENCE, § 249*—*when certificate of clerk is prima facie evidence of publication of ordinance.* In a prosecution for violation of an ordinance, where the sole question was whether the city clerk's certificate was sufficient to render the ordinance admissible as evidence, and the only objection raised by the defendant was that such certificate did not contain a recital as to the length of time of publication of the ordinance, section 65, ch. 24, Hurd's Rev. St. 1916 (J. & A. ¶ 1337), providing for proof by the certificate of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the city clerk, and section 82 (J. & A. ¶ 1354), specifying the particular mode for proof of .the publication of a city ordinance, considered and *held* that the said certificate was prima facie evidence of the legal publication of the ordinance.

Appeal from the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

L. H. JONAS and J. L. HALEY, for appellant.

G. F. MERION, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

The sole question to be considered in this case is whether the city clerk's certificate to an ordinance of the City of Centralia is sufficient to render the ordinance admissible in evidence. The only objection made by appellant to the admissibility of the ordinance in question was that the clerk's certificate did not contain the recital that the newspaper in which it was published had been regularly published for at least six months prior to the first publication of such ordinance as provided by the law in force July 1, 1909 (Hurd's Rev. St. 1916, ch. 100, par. 10, J. & A. ¶ 7859). The ordinance in question prohibits the sale of spirituous liquors within the corporate limits of the City of Centralia, imposing a fine for the violation thereof. Upon the trial of this cause in the Circuit Court of Marion county, the jury found appellant guilty and his fine was assessed at $112.50, for which amount and costs judgment was rendered.

No evidence was introduced or offered on the trial to show- that the newspaper mention in the clerk's certificate had or had not been regularly published for at least six months prior to the first publication of this ordinance. The dates of the publication were stated in the certificate. Section 65, ch. 24, Hurd's

Rev. St. 1916 (J. & A. ¶ 1337) provides: "All ordinances and the date of publication thereof, may be proven by the certificate of the clerk, under the seal of the corporation." Section 82 of the same chapter (J. & A. ¶ 1354) reads: "The clerk shall record, in a book to be kept for that purpose, all ordinances passed by the city council or board of trustees, and at the foot of the record of each ordinance so recorded shall make a memorandum of the date of the passage and of the publication or posting of such ordinance, which record and memorandum, or a certified copy thereof, shall be prima facie evidence of the passage and legal publication or posting of such ordinances for all purposes whatsoever." This is the particular mode provided by statute for proof of the publication of a city ordinance, and when complied with is prima facie evidence of "the passage and legal publication" thereof, and, in the absence of evidence, showing the publication or passage to be illegal, renders the ordinance so proved admissible in evidence. (*Lindsay v. City of Chicago*, 115 Ill. 120.)

Section one (1) of the statute on notices (chapter 100, Hurd's Rev. St. 1916, J. & A. ¶ 7853) provides the manner of making proof of publication of a notice, "when no other mode of proving same is provided," and must be followed only when no other mode of proof is provided by statute. (*City of Moline v. Chicago, B. & Q. R. Co.*, 262 Ill. 52; *City of Chicago v. Stein*, 252 Ill. 409.). The law in force July 1, 1909, concerning the publication of notices above referred to, supplements this act, and does not modify or change the provisions of the city and village act above mentioned. If no provision was made by the statute as to the mode of proving an ordinance and its "legal publication," the certificate thereto would have to contain a recital as to each step required in its passage and publication. Under the provisions of the city and village act, how-

ever, a different mode of proof is provided for and thereby a general statement of publication in the certificate of the clerk is sufficient to render the ordinance admissible in evidence. This question is fully discussed in *Terre Haute & I. R. Co. v. Voelker,* 129 Ill. 540, where the following language is used: ''Possibly, if no provision had been made by statute as to the mode of proving the ordinances, it would have been incumbent on the party alleging their existence to prove each of the steps by which they were passed and given effect. Article 7, section 13, of the charter, however, provides as follows: 'All ordinances and resolutions of the city may be proven by the seal of the corporation; and when printed and published in pamphlet or book form, and purporting to be printed or published by the authority of the city council, the same shall be received in evidence in all courts and places without further proof.' Here the proof was made by the corporate seal, and a certificate of the city clerk, who was the proper custodian of the seal. This was all that was required to establish, at least prima facie, the existence of the ordinance and its terms. In *Pendergast v. City of Peru,* 20 Ill. 51, it was held, under a similar provision of the charter there in question, that a copy of the city by-laws, certified by the city clerk and verified by the corporate seal, was a literal compliance with the charter, and was properly admitted in evidence. In *Lindsay v. City of Chicago,* 115 Ill. 120, where the question arose under the provisions of article 5, section 4, of the general statute for the incorporation of cities and villages, it was contended that the passage of the ordinance could be established only by the production of the journal containing the proceedings of the city council, showing the vote by which it was passed, but it was held that a certified copy of the ordinance, attested by the clerk under the seal of the corporation, was competent evidence of its passage.

In *Schott v. People,* 89 Ill. 195, we said: 'It is doubtless competent for the Legislature to exact that the simple production of the ordinance or a copy thereof shall be prima facie evidence that every step has been taken with reference to it essential to make it a valid ordinance;' and it was held that such was the effect of the section of the general incorporation act above mentioned. Under these decisions, as well as upon principle, it must be held that the copies of the ordinances in this case, certified by the city clerk and authenticated by the corporate seal, were competent evidence tending to show that said ordinances had been duly passed by the city council, and that they had gone into effect in one of the modes prescribed by the charter.''

The clerk's certificate in this case was prima facie evidence of the legal publication of the ordinance, and, in the absence of proof to the contrary, the trial court did not err in admitting it in evidence. The judgment will therefore be affirmed.

*Affirmed.*