INDIAN VALLEY GOLF CLUB, INC., Plaintiff-Appellee, *v.* THE LIQUOR CONTROL COMMISSION *et al.,* Defendants-Appellants.

(No. 57580;

First District (4th Division)—May 16, 1973.

Collins & Amos, of Chicago, and Murray R. Conzelman, of Waukegan, for appellants.

James P. Chapman, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

Following a hearing held in the Circuit Court of Cook County pursuant to the Administrative Review Act (Ill. Rev. Stat., ch. 110, §§ 264-279), the defendants, specifically the Village of Long Grove and its Liquor Commissioner, were ordered to issue a liquor license to the plaintiff. The Village of Long Grove and its Liquor Commissioner herein appeal from that judgment.

The issues presented for review are: (1) whether the decision of the Illinois Liquor Control Commission is supported by the manifest weight of the evidence; and (2) whether there is a license which could be issued to the plaintiff, an Illinois for-profit corporation.

The plaintiff, Indian Valley Golf Club, Inc., an Illinois corporation, has operated a golf club in the Village of Long Grove in Lake County since 1962. As part of its operation since opening, the plaintiff has been licensed by the Village of Long Grove to sell alcoholic beverages and has done so continually. The local liquor license held by the plaintiff was renewed semi-annually without objection or difficulty until October 21, 1969, when the plaintiff, having applied for a renewal of its license using the forms and application provided by the Village, was notified by the Village hearings would be held with regard to the ownership of stock in the plaintiff corporation. Such hearings, presided over by the Village President acting as the local Liquor Commissioner, were held but failed to produce any evidence which reflected adversely on the character of the plaintiff corporation or any of its shareholders. The only evidence presented at the hearings was to the effect that the plaintiff was an Illinois for-profit corporation operating a daily fee golf course admitting anyone. Moreover, no mention was made at these hearings of a Village ordinance, purportedly adopted on October 14, 1969, which established certain classes of liquor licenses. On July 1, 1970, the Liquor Commissioner for the Village of Long Grove refused to renew the plaintiff's liquor license on the ground that the plaintiff was not entitled to a license under the revised Liquor Control Ordinance adopted by the Village on October 14, 1969.

The plaintiff thereafter appealed the refusal of the Village of Long Grove to renew its liquor license to the Illinois Liquor Control Commission. At the hearings held before the Illinois Liquor Control Commis-

sion, it was the Village's position that the plaintiff could qualify for a liquor license only if organized as a not-for-profit corporation as there were no licenses established by the revised Liquor Control Ordinance of October 14, 1969, for a "club" organized for profit such as the plaintiff. For this reason, the Illinois Liquor Control Commission denied the plaintiff's appeal on April 1, 1971.

Pursuant to the Administrative Review Act (Ill. Rev. Stat., ch. 110, §§ 264-279), the plaintiff sought review of the decision of the Illinois Liquor Control Commission in the Circuit Court of Cook County. After hearing arguments by both the plaintiff and the Village, the trial court, in an order signed on April 27, 1972, reversed the decision of the Illinois Liquor Control Commission as contrary to the manifest weight of the evidence, and finding the plaintiff fully qualified for a liquor license under the applicable state and local liquor control laws. Furthermore, the trial court not only found the action of the local Liquor Commissioner in denying the plaintiff's application for renewal of its license to be discriminatory, unreasonable and arbitrary, but also found the Village's revised Liquor Control Ordinance of October 14, 1969, violative of due process of law. In view of these findings, the trial court, therefore, ordered the Village of Long Grove to issue a liquor license to the plaintiff.

The first issue presented for review is whether the decision of the Illinois Liquor Control Commission is supported by the manifest weight of the evidence.

The defendants contend that since the plaintiff, Indian Valley Golf Club, Inc., admitted in hearings before the local Liquor Commissioner it is an Illinois for-profit corporation operating a daily fee golf course admitting anyone, the local Liquor Commissioner properly construed that pertinent section of the Village's revised Liquor Control Ordinance of October 14, 1969, in declining to renew the plaintiff's license as applied for on October 21, 1969. The pertinent section of the Village's revised Liquor Control Ordinance upon which the local Liquor Commissioner based his decision not to renew the plaintiff's license is that section wherein the definition of a "club" appears. In that section, a "club" for the purpose of licensing is defined as:

> "A corporation organized under the laws of this State not for pecuniary profit solely for the promotion of some common object other than the sale or consumption of alcoholic liquors and owning, hiring or leasing a building or space in a building of such extent and character as may be suitable and adequate for the reasonable use and accommodation of its members, guests and persons using such facilities."

Since the plaintiff allegedly does not meet local license requirements as a "club" under the aforementioned definition, the defendants contend there is no license to issue to the plaintiff and, therefore, the decision of the local Liquor Commissioner is more than supported by the manifest weight of the evidence. Since this same evidence was presented at the hearings held by the Illinois Liquor Control Commission, the defendants contend the Commission's decision upholding the local Commissioner is supported by the manifest weight of the evidence, and the trial court erred in reversing the findings of the Commission. In support of their contention, the defendants rely on the decision in *Vavrys v. Illinois Liquor Control Com.* (1968), 92 Ill.App.2d 451, where the court stated:

> "Unless the findings (of the Commission) are against the manifest weight of the evidence or fail to be supported by substantial evidence in the record they will be upheld on review."

■■ Initially, we find it necessary to address ourselves to the defendants' reliance on the plaintiff's use of the word "club" in its title as a reason for refusing to issue a liquor license to the plaintiff. The use of the word "club" by many businesses that are organized for profit does not deceive anyone. (*Walton Playboy Club, Inc. v. City of Chicago* (1962), 37 Ill. App.2d 425.) The facts in the instant case are uncontroverted that the plaintiff's primary operation is a general fee golf course, open to the general public, and not a private club organized with the specific purpose of excluding certain portions of the general public. Counsel for the defendants conceded during oral argument the real reason the Village of Long Grove purportedly adopted that section of the revised Liquor Control Ordinance wherein a "club" is defined was to impose an exclusionary policy on the existing license holder which had the word "club" in its title, namely, the plaintiff, thereby effectively precluding the incursion of any outside individuals or groups into this staid, homogeneous community. Such reasoning is contrary to the public policy of this state, wherein the civil rights of all individuals and groups are preserved and respected and cannot be abridged.

Turning our attention to the defendants' contention that the decision of the trial court is contrary to the manifest weight of the evidence, we find such contention relies in its totality on a most basic condition precedent, namely, the actual existence of the revised Liquor Control Ordinance which the Village of Long Grove claims to have adopted on October 14, 1969, because it was the application of this revised ordinance which led to the village's refusal to renew the plaintiff's liquor license. Section 26 of the revised ordinance states:

> "This ordinance shall be in full force and effect from and after its passage, approval and publication as provided by law."

Additionally, sections 1—2—4 and 1—2—6 of the Illinois Municipal Code (Ill. Rev. Stat., ch. 24, § 1—2—4 and § 1—2—6) provide respectively:

"§ 1—2—4. All ordinances of cities, villages and incorporated towns imposing any fine, penalty, imprisonment, or forfeiture, or making any appropriation, shall (1) be printed or published in book or pamphlet form, published by authority of the corporate authorities, or (2) be published at least once, within 10 days after passage, in one or more newspapers published in the municipality, or if no newspaper is published therein, then in one or more newspapers with a general circulation within the municipality. In municipalities with less than 500 population in which no newspaper is published, publication may instead be made by posting a notice in 3 prominent places within the municipality. No such ordinance shall take effect until 10 days after it is so published * * *."

"§ 1—2—6. The contents of all municipal ordinances, the date of passage, and the date of publication or posting, where required, may be proved by the certificate of the municipal clerk, under the seal of the corporation * * *."

In view of not only the above statutory sections but also Section 26 of the revised Liquor Control Ordinance, publication of such ordinance is absolutely necessary prior to certification; however, the certification affixed to the revised Liquor Control Ordinance by the Village Clerk neither states the date such ordinance was published nor does it reflect the fact that such ordinance was published at all. Moreover, counsel representing the Village conceded during oral argument that the ordinance was never published. The law in Illinois is well settled that a general statement of publication in the certification by the village clerk is prima facie sufficient to establish the existence of the ordinance and is, therefore, sufficient to render the ordinance admissible as evidence. (*City of Centralia v. Basha* (1917), 206 Ill.App. 333; *Burns v. Chicago & Alton R.R. Co.* (1923), 229 Ill.App. 170.) The instant ordinance, however, did not and could not have a general statement of publication in its certification by the Village Clerk since admittedly the ordinance was never published. The instant ordinance is a nullity and should never have been allowed to be introduced before the Illinois Liquor Control Commission. For this reason, we necessarily find the decision of the Illinois Liquor Control Commission contrary to the law and to the manifest weight of the evidence.

The second issue presented for review is whether there is a license which could be issued to the plaintiff, an Illinois for-profit corporation.

The defendants contend the judgment of the trial court wherein the Village of Long Grove was ordered to issue a liquor license to the plaintiff is erroneous and should be reversed. The basis for this contention is the defendants' assertion that there is no license to issue to the plaintiff under the revised Liquor Control Ordinance of the Village of Long Grove adopted on October 14, 1969.

■■■ We have already found the revised Liquor Control Ordinance upon which the defendants rely to be a nullity. Moreover, the record is silent in regard to the local liquor control ordinances upon which the Village of Long Grove issued liquor licenses prior to the purported adoption of the revised Liquor Control Ordinance of October 14, 1969. One fact stands uncontroverted, however, that is the Village of Long Grove not only granted liquor licenses prior to October 14, 1969, but granted such licenses to the plaintiff on a semi-annual basis from 1962 until the decision of the local Liquor Commissioner on July 1, 1970. The record does reflect the plaintiff has continued to operate its liquor facilities since the decision of the local Liquor Commissioner pursuant to a stay order of the Illinois Liquor Control Commission and, thereafter, an order of the Circuit Court. These facts, taken together, make it apparent to this court that certain local liquor control laws must have been in existence prior to the refusal by the local Liquor Commissioner to renew the plaintiff's license application. Furthermore, we take judicial notice that there exists certain applicable statute sections in the form of the Illinois Liquor Control Act (Ill. Rev. Stat., ch. 43, § 94 *et seq.*), which in the absence of specific local ordinances control the instant situation. Since no showing has been made by the defendants that the plaintiff is barred from holding a liquor license under the operation of such controlling statutes, and since the plaintiffs held a liquor license from 1962 until 1970 without objection under such controlling statutes, we necessarily reject the defendants' contention there is no liquor license to issue to the plaintiff. Any attempt of the Village to force the plaintiff out of business under the facts and the law in this case would be a violation of due process. We therefore affirm the judgment of the Circuit Court ordering the Village of Long Grove to issue a liquor license to the plaintiff forthwith.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.