MORTON B. HULL *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa May 15, 1895.*

1. PUBLIC IMPROVEMENTS—*failure of petition for special assessment to recite ordinance.* A petition by a city for an assessment for a public improvement does not comply with the statute requiring a recital of the ordinance for the proposed improvement, by setting out a certified copy of the report of the commissioner of public works submitting to the council the draft of an ordinance providing for such improvement, without anything to indicate that such ordinance was passed.

2. SAME—*ordinance for improvement, if contradictory, is void.* An ordinance for the construction of a sidewalk, providing in one part that it shall be constructed of pine plank and in another part that it shall be constructed of stone, and which is otherwise contradictory, is so uncertain as to render it void.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

GEORGE A. DUPUY, for appellants.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This record brings up for review a judgment of the county court of Cook county, confirming a special assessment for the construction of a sidewalk on both sides of Washington street, in the city of Chicago, from Clinton street to Halsted street. Certain owners of property assessed for the proposed improvement having unsuccessfully interposed objections to the confirmation of the assessment, now bring the record to this court by appeal.

The petition by the city of Chicago in pursuance of which the assessment was made, professes to set out a copy of the ordinance providing for the improvement, and of the approval thereof by the mayor of the city, but on referring to the document thus set forth we find merely a certified copy of what purports to be a report

of the commissioner of public works of the city submitting to the city council the draft of an ordinance providing for the construction of the proposed sidewalk, and nothing appears, either in the certificate of the city clerk or otherwise, indicating that the proposed ordinance was ever passed by the city council or approved by the mayor. This, in our opinion, is not a sufficient compliance with the provision of the statute requiring that the petition "shall recite the ordinance for the proposed improvement." 1 Starr & Cur. Stat. 270.

Furthermore, on reference to the ordinance thus set out, it will be found that even if it were shown to have been properly passed and approved, its terms are so contradictory and uncertain as to render it inoperative and void. In one part of the ordinance it is provided that the proposed sidewalk shall be constructed of pine plank two inches in thickness, nailed to stringers with thirty-two penny nails, and in another part that it be constructed of the best quality of stone for sidewalk purposes, no stone to be less than four and one-half feet in width and ten inches in thickness, resting on curb walls, iron lintels and cast iron columns, etc. Doubtless some error has been committed in the original drafting of the ordinance or in its transcription into the record; but however that may be, there is nothing in the record before us by which the error can be corrected. Taking the ordinance as it is presented here, it is clearly too contradictory and uncertain to be capable of execution, and we therefore must pronounce it void, and insufficient to support the assessment.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*