EDWIN A. CASEY

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa January 20, 1896.*

1. The point as to the sufficiency of the certificate of publication raised in this case is decided by *Hertig* v. *People*, (*ante*, p. 237.)

2. NAMES—*signing "Al." instead of "Alexander," by special assessment commissioner.* The improper signing, by a special assessment commissioner, of the assessment roll and other papers by the Christian name "Al." instead of "Alexander," is not ground of objection on application for judgment against property for the assessment, although the confirmation was by default, where the recitals in the various proceedings and final order of confirmation show that the person actually appointed by the court acted as commissioner.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

WILLIAM J. DONLIN, and CHARLES T. MASON, for appellant:

"Al." is an abbreviation for Albert. (Standard Dic. 2309.) Albert Stastny, therefore, having never been appointed a commissioner, was disqualified from acting, and no jurisdiction was conferred upon the court to enter judgment of confirmation. *Boynton* v. *People ex rel.* 155 Ill. 66; *McChesney* v. *People ex rel.* 148 id. 224.

J. D. ADAIR, for appellee.

Per CURIAM: This is an appeal from a judgment of sale entered by the Cook county court upon delinquent special assessment warrant No. 19,384, for grading and macadamizing High avenue, from One Hundred and Sixth to One Hundred and Fourteenth street, levied under authority of the city of Chicago. Appellant appeared and filed objections, which were each overruled, and he now appeals.

Two questions are raised: First, as to the certificate of publication upon the delinquent list; and second, as to

the jurisdiction of the court on the judgment of confirmation. The facts pertaining to the first point are in all respects the same as in the case of *Hertig* v. *People ex rel.* (*ante*, p. 237,) and for the reasons stated in that opinion the first point is overruled. See, also, *Bass* v. *People ex rel.* (*ante*, p. 207.)

The second point is based upon the objection that the judgment of confirmation in the special assessment proceeding was, as to objector's property, by default, and without sufficient notice. The record of that proceeding shows that John F. Kenny, P. W. Dunne and Alexander Stastny were appointed commissioners. To the oath taken by them, Stastny signed his name *Al. Stastny*, and in each of the subsequent proceedings by the commissioners his name is signed in that way. The oath states, "we the undersigned commissioners *appointed by the county court*," and a like statement is made in the assessment roll and report of the commissioners. The affidavit of J. F. Kenny as to mailing notices of the return of the assessment roll states "that affiant and P. W. Dunne and A. C. Stastny were heretofore appointed by the county court of Cook county commissioners to assess the cost of," etc., and that said commissioners did cause to be sent by mail the notices required by the statute. The judgment of confirmation recites: "And it appearing to the court that *the commissioners heretofore appointed* to make said assessment have complied with all the requirements of the law as to posting and sending notices to owners of the property assessed, and that notice, as required by law, has been given of this application, and of the making and return of the said assessment, and of the time of the final hearing thereon, * * * it is ordered and adjudged by the court that a default be and is hereby entered against each and all the lots, blocks, tracts and parcels of land assessed, etc., as to which no objections have been filed."

It is contended, on behalf of appellant, that the proceedings by the commissioners, including the giving of notice of the assessment and return of the roll, being signed by *Al.* Stastny instead of *Alexander* Stastny, their action was void, and gave the court no jurisdiction of the case to render final judgment of confirmation, the case being likened to that of *McChesney* v. *People ex rel.* 148 Ill. 221. The cases are not at all similar. There the commissioners appointed, and who acted, were Humphrey Moynihan, W. L. Roseboom and W. O. Morse, but the notices posted and published were signed by William A. Taylor instead of Humphrey Moynihan. In this case it may be admitted that the name of Stastny was not properly signed, and that the affidavit of mailing notices should have given his name in full, as was done in the order appointing him; but it clearly appears throughout the proceeding that the person actually appointed acted, and was the one referred to in the affidavit by the name A. C. Stastny. If he had signed his name by the initial "A." or "A. C.," it could not have been claimed that it thereby appeared that a different Stastny from the one appointed had acted. Using the improper abbreviation of his given name does not, in our opinion, show, especially in view of the recital in the various proceedings and final order of confirmation, that Alexander Stastny did not perform all the duties of a commissioner, or that the irregular manner of signing his name rendered his action as such commissioner void, or so irregular as to overcome the recital of jurisdiction in the final order.

The judgment of the county court will accordingly be affirmed.

*Judgment affirmed.*