A. F. DOREMUS

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa March 28, 1896.*

1. SPECIAL ASSESSMENTS—*impertinent matters attached to petition do not vitiate it.* A petition for a special assessment, to which a copy of the ordinance for the improvement is annexed and made a part, is not insufficient because of a defect in the certificate, as there is no requirement that such ordinance be certified.

2. A petition for a special assessment is not insufficient because a report of the commissioner of public works submitting the ordinance was unnecessarily annexed to the ordinance contained in the petition.

3. A blank form accidentally or negligently annexed to a petition for a special assessment, and which constitutes no part of it, does not affect its sufficiency.

4. SAME—*defective certificate of clerk to report of commissioners.* A petition for an assessment, averring that a report of commissioners approved by the council was annexed thereto, is not insufficient because of a defect in a superfluous certificate of the clerk to the order of approval of such report by the council.

5. SAME—*judgment of confirmation cannot be attacked collaterally.* A judgment of confirmation of a special assessment is not open to collateral attack on grounds not affecting the jurisdiction, and for matters that might have been urged at the trial.

APPEAL from the County Court of Cook county; the
Hon. O. N. CARTER, Judge, presiding.

MAHER & GILBERT, for appellant:

The ordinance being void, the court was not author-
ized to enter the judgment of confirmation.  *Weld* v. *People
ex rel.* 149 Ill. 257; *Lindsay* v. *Chicago*, 115 id. 122; *Carlyle* v.
*County of Clinton*, 140 id. 512; *Railway Co.* v. *Jacksonville*, 114
id. 562; *County of Jefferson* v. *Mt. Vernon*, 145 id. 80.

The petition fails to recite a valid ordinance, conse-
quently the judgment of confirmation is void.   *Ogden* v.
*Lake View*, 121 Ill. 424.

A void judgment may be attacked collaterally.   *Ayer*
v. *Chicago*, 149 Ill. 262; *Weld* v. *People ex rel.* id. 257; *Evans*
v. *People ex rel.* 139 id. 552; *McChesney* v. *People ex rel.* 145
id. 614, and 148 id. 221.

The debt to the People, in a case of this ·character,
matures only upon a valid exercise of the powers con-
ferred by the statutes.   *Marsh* v. *Supervisors*, 42 Wis. 509.

J. D. ADAIR, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

This is an appeal from the judgment of the county
court of Cook county against certain lots of appellant for
a delinquent special assessment.

An application for judgment being made, the appel-
lant entered his special appearance for the purpose of
contesting the jurisdiction of the court, and contended
that the proceedings anterior to the judgment of confir-
mation in the special assessment proceedings were insuf-
ficient to confer jurisdiction on the county court to enter
such judgment of confirmation, which judgment was there-
fore void.   To sustain the claim that the judgment of
confirmation was void, appellant offered in evidence the
original petition for the assessment, but the petition being

objected to, the objection was sustained, and appellant excepted. It is urged that the ruling was erroneous, because the petition showed that it was insufficient to confer jurisdiction upon the county court.

One reason assigned is, that the petition did not recite the ordinance for the proposed improvement, as required by the statute. It alleged that the ordinance was passed on September 25, 1893, by the city council, providing for the improvement in question, and stated that a certified copy of the ordinance was thereto annexed and made a part thereof. A copy of the ordinance was annexed to the petition, and the grounds of objection to it are, that there was connected with it a report of the commissioner of public works submitting the ordinance to the city council, and that the certificate of the city clerk was insufficient. While it is required that the petition shall recite the ordinance, there is no requirement that the ordinance so recited shall be certified. (*Wadlow* v. *City of Chicago*, 159 Ill. 176.) The report of the commissioner of public works submitting the ordinance was also uncalled for. It is immaterial what that report was or what was the nature of the clerk's certificate.

The case of *Hull* v. *City of Chicago*, 156 Ill. 381, is relied upon to establish the invalidity of the petition. In that case it was said that nothing appeared, either in the certificate of the city clerk or otherwise, indicating that the ordinance was ever passed, while in this case that fact is alleged in the petition, and the supposed defect has no existence.

Another reason assigned is, that the petition did not recite a valid report of the commissioners appointed to make an estimate of the improvement contemplated by the ordinance, as required by the statute. The petition alleged that the commissioners so appointed made a report to said city council on the 23d day of October, 1893, estimating such cost at $61,043.34, which report was afterward approved by said council. It also stated that a

true copy of said report was annexed thereto and made a part thereof. A report of the commissioners, properly signed by them and fulfilling the requirements of the law, was annexed to the petition, and the objection to this report is of the same nature as that made to the ordinance: that the certificate of the city clerk does not show that the order of approval was passed by the council, or the date of such order of approval. Inasmuch as it is averred that the report was approved by the council before the filing of the petition, a certificate of the clerk to that fact was not required, and his certificate was mere surplusage. The sufficiency of the petition was not affected by anything it contained or any deficiency in it, since the required fact was alleged in the petition. There is no requirement of law that the petition shall contain the evidence by which the facts averred in it are to be proved, nor that such evidence shall be annexed to it.

It is further contended that the ordinance for the improvement, as set out by the petition, was void, and afforded no basis for the assessment, and that therefore the court was without jurisdiction, and the judgment confirming an assessment to pay for said improvement was also void. The ground of the claim is, that there appears annexed to the petition for the special assessment, in addition to the copy of the ordinance, a printed blank form to be used in drafting an ordinance for wooden block pavement, containing only the formal portions of such an ordinance, with blanks for the name of the street, the points between which the paving should be done, the names of the commissioners, and all provisions not of a formal character. There can be no question that this blank form is not the ordinance referred to and recited in the petition, or any part of it; that it was accidentally or negligently annexed to the petition, and was no part of such petition. The fact that it was so annexed could not affect the ordinance or the sufficiency of the petition.

Appellant also seeks to question the jurisdiction of the court, on the grounds that the record of the special assessment proceedings did not affirmatively show that the ordinance was referred to a committee of the council or that unanimous consent was obtained for the passage of the ordinance without such reference, and because the ordinance provided for a certain kind of cementing material and made a certain division of the assessment into installments. But it is not permissible for appellant to attack the judgment in the assessment proceedings upon such grounds. The petition was sufficient to give the court jurisdiction to enter the judgment of confirmation, and that judgment is not open to collateral attack on grounds not affecting the jurisdiction and for matters that might have been urged at the time judgment was entered. *Lehmer* v. *People ex rel.* 80 Ill. 601; *Blake* v. *People, use, etc.* 109 id. 504; *People ex rel.* v. *Brislin,* 80 id. 423; *Chicago and Northwestern Railway Co.* v. *People ex rel.* 120 id. 104; *Riebling* v. *People, use, etc.* 145 id. 120.

The judgment will be affirmed.    *Judgment affirmed.*