HENRY H. GAGE

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa March 28, 1896—Rehearing denied October 7, 1896.*

1. SPECIAL ASSESSMENTS—*sufficiency of petition—defective certificate of city clerk to ordinance—effect.* A petition for a special assessment for a street improvement does not fail to recite the ordinance, as required by the statute, because the certificate of the clerk, attached to the copy of the ordinance annexed to such petition, does not show that the ordinance was passed.

2. SAME—*what is a sufficient recital of report of commissioners in petition.* A petition for a special assessment sufficiently recites the report of the commissioners by averring that the commissioners appointed to estimate the cost of the improvement made a report estimating the cost at a certain sum, which was approved by the council, and stating that a copy of the report is attached to and made part of the petition.

3. SAME—*omission of ordinance from record—presumptions as to passage.* Where, on appeal from the confirmation of a special assessment, the ordinance put in evidence is by stipulation omitted from the bill of exceptions, it will be presumed such ordinance showed enough to establish that it was in force when the commissioners made and returned their estimate, notwithstanding the statutory provision that ordinances shall not take effect for five days unless approved by the mayor.

4. SAME—*ordinance for paving and curbing includes adjustment of sewers.* An ordinance for the curbing and paving of a street sufficiently includes the adjustment of sewers necessary to guard against taking up parts of the work after it is finished.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

GAIL E. DEMING, for appellant:

The provisions of the statute require that the petition shall recite the ordinance for the proposed improvement. 1 Starr & Cur. 270; *East St. Louis* v. *Albrecht,* 150 Ill. 511.

It is necessary that the city allege and prove that a valid ordinance was passed by the city council. *Lindsay* v. *Chicago,* 115 Ill. 122.

The first step to be taken in making a local improvement is the passage of a valid ordinance. *East St. Louis* v. *Albrecht*, 150 Ill. 506; *Carlyle* v. *County of Clinton*, 140 id. 512; *Clark* v. *Chicago*, 155 id. 225; *Railroad Co.* v. *Jacksonville*, 114 id. 562; *Lindsay* v. *Chicago*, 115 id. 120.

No petition to assess the cost of the improvement can be filed until a valid estimate is filed.   *Clark* v. *Chicago*, 155 Ill. 223.

The ordinance must be so definite that an intelligent estimate of the cost of the improvement can be made from the specifications and description set out in the ordinance.   *Gage* v. *Chicago*, 143 Ill. 157; *Hyde Park* v. *Carton*, 132 id. 100; *Levy* v. *Chicago*, 113 id. 652; *Kankakee* v. *Potter*, 119 id. 324; *Carlyle* v. *County of Clinton*, 140 id. 512; *Hyde Park* v. *Spencer*, 118 id. 458.

To give the commissioners discretion to estimate the cost of improvements not specified would be delegating to them the powers and functions of the city council, which cannot be done.   *Foss* v. *Chicago*, 56 Ill. 354; *Jenks* v. *Chicago*, id. 397; *Wright* v. *Chicago*, 60 id. 312; *Bryan* v. *Chicago*, id. 507; *Walker* v. *Chicago*, 62 id. 286; *Railroad Co.* v. *Chicago*, 144 id. 391; *Moore* v. *Chicago*, 60 id. 243; *Hyde Park* v. *Carton*, 132 id. 100.

John D. Adair, for appellee:

It is too late, after having contested the case upon the merits, to take advantage of a defect in the ordinance, if there was one, which might have been cured by proof, even assuming none was offered.   *Huston* v. *Clark*, 112 Ill. 135; *Miller* v. *Glass*, 118 id. 443.

The power to pave streets includes the power to furnish and do all that is necessary, usual or fit for paving, and on this ground it has been held that the expense of grading a street preparatory to paving is incident to paving, and the expense is properly included in the assessment.   *State* v. *Elizabeth*, 30 N. J. L. 365; *Williams* v. *Detroit*, 2 Mich. 560; *Schenly* v. *Commonwealth*, 36 Pa. St. 29.

An item for relaying gas-pipes is properly included in an assessment for a sewer. *Matter of Johnson,* 103 N. Y. 260.

The assessment may properly include incidentals. *Longworth* v. *Cincinnati,* 34 Ohio St. 101; *Dashiel* v. *Baltimore,* 45 Md. 615; *Matter of Mutual Life Ins. Co.* 89 N.Y. 530.

This court, in *Delamater* v. *Chicago,* 158 Ill. 575, has announced a conclusion which disposes of the contention of appellant.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment levied to pay for the improvement of Parmelee street, in Chicago.

It is contended, first, that the petition does not state a valid ordinance upon which to base an assessment. The petition, omitting the heading, was as follows : "Your petitioner, the city of Chicago, respectfully shows, that heretofore, to-wit, on the 7th day of November, A. D. 1894, the city council of said city did pass an ordinance providing that Parmelee street, from the east line of Western avenue to the west line of Hoyne avenue, in the city of Chicago, county of Cook and State of Illinois, be curbed with curb walls, filled, and paved with wooden-block pavement,—a certified copy of which ordinance, and of the approval thereof by the mayor of said city, is hereunto annexed and made a part hereof; that the commissioners appointed by said council to make an estimate of the cost of the improvement by said ordinance, heretofore, to-wit, on the 12th day of November, A. D. 1894, made a report to said city council, (which was afterwards approved by said council,) estimating such cost at $22,195.79,—a true copy of which report is annexed hereto and made a part hereof. Your petitioner prays that the cost of said improvement may be assessed in the manner prescribed by law." It is signed, "Harry Rubens, Corpo-

ration Counsel." Then follows a document entitled "Report and ordinance for improvement of streets," etc., as follows:

"*To the Mayor and Aldermen of the city of Chicago, in city council assembled:* In accordance with an order of your honorable body, I submit herewith an ordinance for curbing, filling and paving Parmelee street, from Western avenue to Hoyne avenue.

"Respectfully submitted,                    H. J. JONES,
*October 31, 1894.*                          Com. Public Works."

This is undoubtedly the document called "Report," which is entirely separate and distinct from the ordinance. Following the above and attached to the petition is a paper, as follows: "Ordinance for the improvement of Parmelee street, from the east line of Western avenue to the west line of Hoyne avenue, in the city of Chicago, county of Cook and State of Illinois.—Be it ordained by the city council of the city of Chicago." Then follow six sections, the last of which is as follows: "This ordinance shall be in force from and after its passage." On the back of the ordinance is this endorsement: "Ordinance passed and deposited in the office of the city clerk Nov. 7, 1894.—Chas. D. Gasterfield, city clerk." Attached to the ordinance is the certificate, under seal, of the city clerk, in which he certifies that "the annexed and foregoing is a true and correct copy of document No. 4016 of 1894-5, and of the indorsements thereon, the same being a certain 'report and ordinance' on file in my office." There was also attached to the petition a report of the commissioners, estimating the entire cost of the improvement at $22,195.79, dated November 12, 1894, and an order of approval on the same day.

Section 22 of article 9 of the City and Village act (Hurd's Stat. 1889, p. 263,) provides what the petition shall contain, as follows: "The petition shall be in the name of the corporation, and shall recite the ordinance for the proposed improvement and the report of such

commission, and shall pray that the cost of such improvement may be assessed in the manner prescribed by law."

It is said in the argument that the certificate of the
clerk attached to the ordinance does not show that it
was passed.   Conceding that to be true, the certificate
has no bearing on the validity of the petition.   The section of the statute which controls the petition requires,
first, that it shall be in the name of the corporation; second, it shall recite the ordinance and the report of the
commissioners appointed to estimate the cost of the improvement; and third, it shall pray that the cost of the
improvement may be assessed in the manner prescribed
by law.   These are the facts required to be set out in the
petition, and when they are alleged the petition will be
sufficient.   The pleader, in framing a petition, is not
called upon to go beyond the demands of the statute and
set up facts not required by it, and any matter set out in
the petition not required by the statute is surplusage,
and may be rejected as such in passing upon the validity
of a petition.   The statute nowhere requires that the
ordinance set out in the petition should be certified, or
that there shall be an averment that it was approved by
the mayor, or that it should aver in what manner the
ordinance took effect.   Here the petition was in the name
of the corporation.   It prayed that the cost of the improvement be assessed in the manner prescribed by law.
The only remaining question is, did it recite the ordinance and report of the commissioners.   As to the report
of the commissioners, it is averred that the commissioners
appointed to estimate the cost of the improvement did
make a report estimating the cost at a certain sum, which
was approved by the council,—a copy of which report
was attached to the petition and made a part thereof.
This is all that could be required.

The next inquiry is, what construction is to be placed
on the words "recite the ordinance," as used in the statute?   It is alleged in the petition that on the 7th day of

November, 1894, the city council of Chicago did pass an ordinance, "a certified copy of which is hereto annexed." Then follow the different sections of the ordinance. This, in our opinion, was a full compliance with the statute. The averment that an ordinance was passed is, in legal effect, an allegation that the ordinance was enacted,— that it became a law of the city and was as set out in the annexed copy of six sections. The essential allegation is that an ordinance was passed, setting it out as was done in this case. Whether the allegations of the petition were true and the alleged ordinance became a law of the city was a question of proof, to be determined on the trial. This may be proven in two ways: by the production of a printed book purporting to be published by authority of the city council, or by a copy certified by the city clerk under his official seal, as held in *Lindsay* v. *City of Chicago*, 115 Ill. 120. If, on the trial, the petitioner failed to prove that an ordinance had been passed as required by law, then the assessment would be defeated. It often occurs that a party makes out a case by the averments of his declaration or bill of complaint, but fails on the trial because the proof does not establish the averments in the declaration or bill. But that fact does not establish that the declaration or bill is insufficient in law.

We think the petition herein contained all that the statute required. The only thing which has led to any confusion in regard to the petition is the report of the commissioner of public works and the certificate of the city clerk, which were attached to and made a part of the petition. The statute did not require that these documents should be made a part of the petition. They were foreign to any averment required by the statute to be inserted in the petition, and for what purpose they were made a part thereof by the law department of the city we do not comprehend.

*Hull* v. *City of Chicago*, 156 Ill. 381, has been cited as an authority to sustain appellant's position, but upon look-

ing into that case it will be found that it was there merely held that a certified copy of a report of the commissioner of public works of the city submitting to the city council the draft of an ordinance providing for the construction · of an improvement, nothing appearing that the proposed ordinance was ever passed, would not be a compliance with the statute requiring that the petition should recite the ordinance. What was there decided has no bearing on a petition like the one here involved.

The next ground relied upon by appellant to reverse the judgment is that the estimate of the cost of the improvement was invalid, for the reason that the ordinance under which the commissioners were appointed was not in force when they made and returned the estimate. The commissioners were appointed under section 3 of the ordinance, which was passed by the city council November 7, 1894. The commissioners filed their report on November 12, and on the same day the report was approved by the city council. Under section 18 of article 3 of the City and Village act an ordinance which is not approved by the mayor does not take effect until after the lapse of five days, within which the mayor is allowed the right to exercise the veto. Here it is claimed that the mayor did not approve the ordinance, and hence it did not take effect until November 13,—one day after the commissioners filed their report. The copy of an ordinance attached to the petition did not bear, so far as we can discover, the approval of the mayor, and if it affirmatively appeared that petitioner put in evidence this certified copy of an ordinance, and that alone, to prove the passage of an ordinance, as averred in the petition, there would be much force in appellant's position. But it does not appear that this copy of an ordinance was put in evidence at all. The bill of exceptions, which contains the only evidence on this question, shows the following: "To maintain the issues in behalf of petitioner, petitioner offered in evidence the petition in the

above entitled cause, together with a certified copy of the ordinance upon which this proceeding is based." The ordinance put in evidence was not copied in the bill of exceptions, but left out by stipulation of the parties, as is recited in the bill of exceptions, hence it cannot be determined from an inspection of the ordinance whether it was approved by the mayor or not. Under such circumstances we will presume, in the absence of any fact appearing to the contrary, that the ordinance put in evidence contained all that was necessary to establish the fact that it was in force from the time it was passed.

The estimate of the cost of the proposed improvement includes the following: "Adjustment of sewers, $999," which sum was added to the total estimated cost of the proposed improvement, and levied, with the rest of the estimated cost, on the property deemed specially benefited, by the commissioners. It is claimed in the argument that this item in the estimate of the commissioners was not authorized by the ordinance. Section 19 of article 9 of the City and Village act provides that the ordinance must specify the nature, character, locality and description of the proposed improvement, and section 20 provides for the appointment of commissioners, "who shall make an estimate of the cost of the improvement contemplated by such ordinance." The ordinance provides that Parmelee street, from the east line of Western avenue to the west line of Hoyne avenue, be curbed with curbed walls, filled, and paved with wooden-block pavement, specifying the details of the improvement, but nothing is said in regard to "adjustment of sewers." In making an estimate the commissioners must look to the provisions of the ordinance, and must be controlled by those provisions. But in drafting an ordinance it is not to be expected that all the small details of the work will be specified, hence the commissioners must, of necessity, have some discretion in regard to some of the items which may enter into and form a part of the cost of the

improvement. If some small matter has not been speci-
fied in the ordinance which may be regarded as a neces-
sary part of the improvement,—one necessary to make
the improvement a complete one,—we think the com-
missioners may make an estimate of such improvement.
When the report is filed for confirmation the city council
has the power to reject any item of the cost which it may
find not authorized by the ordinance. Here the city had
provided for the paving and curbing of a street. In order
to make the improvement complete, and to guard against
taking up parts of the work after it was finished, some
provision seemed necessary in regard to the adjustment
of sewers. It was an incident to the improvement, and
we do not think the commissioners exceeded their powers
in making an estimate of the item complained of. *Dela-
mater* v. *City of Chicago*, 158 Ill. 575.

It is next claimed that the *placita* shows that two
county judges were holding the county court on January
14, 1895, and that there is nothing to show that the judge
who entered the judgment had jurisdiction of the subject
matter. This position is predicated on the transcript of
the record first filed in the case, which in one part of the
record shows that Orin N. Carter presided in the county
court and in another part of the record that Frank Scales
presided in the county court. But an amended record
has been filed, showing that Orin N. Carter, and he alone,
presided. Obviously the insertion of the name of Frank
Scales in the first transcript was a mistake.

It is also claimed that the record fails to show that the
assessment roll was filed in the county court. This de-
fect was also cured by an amended or additional record.

The judgment will be affirmed.

*Judgment affirmed.*