HENRY H. GAGE *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa January 19, 1897.*

1. CHARTERS—*provision of Chicago charter concerning reference of ordinance to committee, repealed.* The provision of the Chicago charter of 1863, that ordinances should be referred, on presentation, to a committee of the council and acted upon at a subsequent meeting, was superseded by the city's adoption of the general Incorporation act of 1872. (*Swift* v. *People,* 162 Ill. 534, followed.)

2. APPEALS AND ERRORS—*intendments are against the pleader, on appeal.* A fact upon which an assignment of error is based, and which is capable of positive proof, will not be regarded as proved, on appeal, where the record merely shows circumstances from which its existence might probably be inferred.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

GAIL E. DEMING, for appellants.

JOHN D. ADAIR, EDWARD MAHER, and CHARLES C. GILBERT, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court confirming a special assessment levied to pay the compensation awarded in the condemnation of certain premises taken for the opening of Wright street between Seventy-third and Seventy-fourth streets, in the city of

Chicago. The ordinance as in force when the first proceedings were had, provided for the opening of the street between Seventy-second and Seventy-fourth streets, but so much of it as provided for the opening of the street between Seventy-second and Seventy-third streets was repealed and the former proceedings were set aside.

The questions raised on this record arise on the third supplemental assessment petition, the proceedings under two previous petitions having been set aside. Appellants contend that the judgment confirming the assessment levied to pay such damages and the costs of levying and collecting the assessment is erroneous, for the following reasons:

*First*—It is insisted that it was error for the circuit court, on the hearing of the assessment, to allow the petitioner to amend its condemnation petition by filing and making a part thereof the ordinance passed March 12, 1894, repealing so much of the previous ordinance as provided for opening Wright street between Seventy-second and Seventy-third streets, for the reason that such repealing ordinance was never legally passed. It was shown in evidence by the proceedings of the city council, that on the introduction of the ordinance it was passed by a unanimous vote, but without having been first referred to a committee. A provision of the former special charter of Chicago provided, that "all ordinances, petitions and communications to the common council shall, unless by unanimous consent, be referred to appropriate committees, and only acted on by the council at a subsequent meeting on the report of the committee having the same in charge." The contention is, that under the general act of 1872, adopted by the city, which provides that "all laws or parts of laws not inconsistent with the provisions of this act shall continue in force and applicable to any such city or village, the same as if such change of organization had not taken place," the above recited provision of the special charter was not

repealed but remained in full force, and that the ordinance in question not having been referred to a committee, but having been passed at the same meeting at which it was presented, was not legally passed and is therefore void. This question was fully considered in *Swift* v. *People*, 162 Ill. 534, where it was held that this provision of the special charter was superseded by the adoption of the general Incorporation act of 1872. The point made by appellants must therefore be overruled.

*Second*—It is next contended that the petition in the condemnation proceeding did not contain a copy of the ordinance certified by the clerk, as required by section 5 of article 9 of the act relating to special assessments for local improvements, and that it was error to admit in evidence upon the trial the assessment levied under or based upon a petition not containing such certified copy. Without considering the question whether or not such an objection to the petition for condemnation could be raised on the hearing of the assessment before the jury under the supplemental petition, it is a sufficient answer to the point made to say that the record does not show the alleged defect in the petition. It is said that instead of containing a certified copy of the ordinance the petition contains merely a certified copy of the report of the commissioner of public works and a draft of an ordinance thereto attached. But counsel is in error. The petition recites the passage of the ordinance and states that a certified copy is annexed, and although a report of the commissioner of public works accompanies the said ordinance, the ordinance is duly certified by the city clerk. A similar point was made and overruled in *Doremus* v. *People*, 161 Ill. 26. It is true that case involved a different provision of the statute, which required only that the petition recite the ordinance, and not that it contain a certified copy, as is provided in section 5; but the decision fully covers the question here raised.

*Third*—Counsel next insists that the assessment given in evidence showed that it included the costs of the proceedings under the previous petitions which had been set aside and dismissed, and that the court erred in admitting the assessment roll in evidence over his objection based on this ground. It is said that the costs under each petition were carried forward and included in the succeeding assessment, and that the assessment under the third supplemental petition embraced all previous costs, and that this conclusively appears from the record, because each successive assessment showed an increase in the amount of costs in the precise amount of the preceding assessment. It is not claimed that the fact which is said to be conclusively shown by the record appears otherwise than by inference arising from the identity of figures and the increase by those amounts in each successive assessment, as above stated. It is highly probable that appellants are correct in the inferences they deduce from the facts appearing; but they are here alleging error, and the fact upon which this assignment of error is based is one capable of direct and positive proof. But the record contains no proof except as above stated,— at least none is pointed out in either the briefs and arguments or the abstracts,—and we will therefore assume there is none; and as the rule is that all intendments must be taken against and not in favor of the pleader, we cannot regard the fact assumed by counsel as shown by the record. So far as we are informed by the record there may have been such an increase of costs without including the costs made under previous petitions. Therefore, as the record does not raise the point contended for, its decision or the further discussion of it becomes unnecessary.

The fourth point made, to state it in counsel's own language, is: "The circuit court erred in refusing to grant or entertain appellant Henry H. Gage's motions that the court inquire whether the lands in which it ap-

peared said Henry H. Gage was interested and sought to be taken had been taken or damaged and paid for, and if not, that a rule be entered on the city to pay for the same in a short day, and in default that the petition be dismissed as to such lands. The city is required, under the statute, to pay for the land sought to be taken by condemnation proceeding within two years of the entry. of the judgment of condemnation. Section 53, article 9, chapter 24, of 3 Starr & Curtis' Statutes, provides: 'In all proceedings heretofore commenced where the property has not been fully paid for, or that shall hereafter be commenced, said city or village shall take and pay for the lands sought to be taken or damaged within two years of the entry of the judgment in such condemnation proceedings. And after the expiration of such time, the court in which the proceedings may have been had, upon a motion of any person interested in the lands, may inquire in a summary manner whether the lands in which such person is interested have been taken or damaged and paid for; and if the court finds that such lands have not been taken or damaged and not been paid for, it shall enter an order requiring the city or village to pay for such lands within a short day to be fixed by the court, and in default thereof shall dismiss such proceedings as far as they relate to lands of such person.'"

While more than two years had passed since the judgment condemning the land had been entered, and waiving the question whether the record sufficiently shows that Gage came within the provisions of the statute as one "interested in the land" taken or that he otherwise pursued the provision in question of the statute, we are unable to see, as the record here stands, how appellant Gage was injured in the hearing of the assessment by the refusal of the court to allow his motion, or that it had any proper place on this hearing in the supplemental proceeding. The statute says: "On the hearing the report of the commissioners shall be competent evidence, and

either party may introduce such other evidence as may tend to establish the right of the matter. The hearing shall be conducted as in other cases at law, and if it shall appear that the premises of the objector are assessed more or less than they will be benefited, or more or less than their proportionate share of the cost of the improvement, the jury shall so find, and also find the amount for which such premises ought to be assessed, and judgment shall be rendered accordingly." (1 Starr & Cur. sec. 31, p. 498.) If the court had granted the motion and fixed a day for the payment of the condemnation money, the hearing of the assessment would have proceeded, for the proceedings could not have been dismissed, even as to appellants' land, until the petitioner was placed in default for non-compliance with the order of the court. The very purpose of the assessment was to pay for the land taken. No question is presented by this assignment of error, upon the record as it stands, which affects the judgment appealed from.

The only question remaining is whether or not the verdict of the jury is sustained by the evidence. Appellants think it is not, but we think it is.

The judgment will be affirmed.   *Judgment affirmed.*