THE PEOPLE *ex rel.* Kochersperger, County Treasurer,

*v.*

SAMUEL B. LINGLE, Trustee.

*Filed at Ottawa January 19, 1897.*

1. SPECIAL ASSESSMENTS—*judgment of confirmation can be attacked collaterally only for want of jurisdiction.* A judgment of confirmation of a special assessment cannot be attacked collaterally except for matters going to the jurisdiction of the court in entering the judgment.

2. SAME—*sufficiency of ordinance must be determined on judgment of confirmation.* That an ordinance did not sufficiently describe the nature, character and locality of an improvement is not an available objection to an application for a judgment of sale for a delinquent special assessment.

3. NAMES—*signing "J. F." instead of "John F." by special assessment commissioner.* Upon the point that the name of one of the special assessment commissioners appointed was "John F. Kenny," while the assessment roll was signed "J. F. Kenny," this decision follows *Casey* v. *People,* 159 Ill. 267.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

On an application by the county treasurer and *ex officio* collector of Cook county for judgment on delinquent special assessments levied by the city of Chicago for laying six-inch drains on West Twenty-sixth street, from Sacramento avenue to Lawndale avenue, in that city, the appellee appeared and filed objections to entering judgment against certain lots in the record described. These objections were, first, as to the validity of the ordinance; and second, as to the validity of the assessment roll. This latter objection was, that the commissioners appointed to spread the assessment roll did not act, inasmuch as one John F. Kenny was one of those appointed and J. F. Kenny acted.

The ordinance provided in section 1 "that a six-inch drain be and is hereby ordered laid from each of the lots

hereinafter described, abutting on West Twenty-sixth street, from Sacramento avenue to Lawndale avenue, in said city, to connect with the public main sewer in West Twenty-sixth street, in front of and adjoining such lots or parcels of land." It was contended this.was not a sufficient description of the nature, character and locality of the improvement.

The objections were sustained, judgment of sale refused, and the People appealed.

JOHN D. ADAIR, for appellant.

WILLIAM J. DONLIN, and CHARLES T. MASON, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

On an application for judgment against lots or lands for delinquent special assessments an objection to the judgment because of the insufficiency of the ordinance under which the assessment is made is a collateral attack on the judgment of confirmation of the assessment. The judgment of confirmation cannot be thus attacked except for matters affecting the jurisdiction. The sufficiency of the ordinance is not of that character, and must be determined on the proceeding to confirm the special assessment. *Doremus* v. *People ex rel.* 161 Ill. 26; *Culver* v. *People ex rel.* id. 89, and authorities cited.

The objection that John F. Kenny was appointed a commissioner and J. F. Kenny signed the assessment roll is determined adversely to the objector in *Casey* v. *People ex rel.* 159 Ill. 267.

The judgment of the county court of Cook county is reversed and the cause remanded, with directions to enter judgment of sale as applied for by the county treasurer and *ex officio* collector of Cook county.

*Reversed and remanded.*