A. B. MCCHESNEY

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Opinion filed February 14, 1898.*

1. SPECIAL ASSESSMENTS—*attaching copy of report of commissioner of public works to petition does not invalidate it.* A special assessment petition which states that an ordinance was passed and that a copy thereof is attached, is not rendered defective by the fact that a copy of the report of the commissioner of public works is annexed to the copy of the ordinance attached to the petition. (*Doremus* v. *People*, 161 Ill. 26, and *Gage* v. *People*, 162 id. 313, followed; *Hull* v. *City of Chicago*, 156 id. 381, overruled in part.)

2. SAME—*whole assessment roll need not be certified to collector at one time.* Where part of an assessment roll has been confirmed it may be certified to the collector without waiting for the confirmation of the other parts.

3. SAME—*judgment of confirmation may include costs of entering judgment.* The cost of entering a judgment confirming a special assessment may be included in the judgment as costs due and unpaid, as, in contemplation of law, the entry of a judgment on the record is simultaneous with its rendition.

4. TAXES—*what will not affect collector's prima facie case on application for sale.* A variance between the title of the book offered by the collector to make a *prima facie* case on application for sale for delinquent taxes, and the title as specified in section 188 of the Revenue act, (Laws of 1879, p. 248,) is unimportant where the book is the one contemplated by the statute and conforms to the statutory requirements as to contents.

5. SAME—*effect of an informal judgment of sale for delinquent taxes.*
Where the only error in the record, on appeal from a judgment of
sale for delinquent taxes, is the entry of an informal judgment,
being merely an order of sale, the Supreme Court will not award
a new trial, but will remand the cause, with directions to enter a
proper judgment. (*Gage* v. *People,* 163 Ill. 39, followed.)

APPEAL from the County Court of Cook county; the
Hon. ORRIN N. CARTER, Judge, presiding.

F. W. BECKER, for appellant.

CHARLES S. THORNTON, Corporation Counsel, and JOHN
A. MAY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the county court
of Cook county, entered against the property of appel-
lant on the application of the county collector, for a de-
linquent installment of a special assessment levied by
the city of Chicago for laying an asphalt street pavement
on West Harrison street, in said city.

The first of the written objections filed below is, that
the petition by the city in the special assessment pro-
ceeding is defective, in that it does not recite an ordinance
for the proposed improvement, and it is insisted the court
below erred in not sustaining it. It appears from an ex-
amination of the record that the objection has no founda-
tion in fact. The petition avers that an ordinance was
passed and that a copy thereof is attached thereto. The
paper attached is a copy of an ordinance, and the mere
fact that there was also attached what purported to be
a copy of the report of the commissioner of public works,
addressed to the city council, does not vitiate the copy
of the ordinance. The cases of *Doremus* v. *People,* 161 Ill.
26, and *Gage* v. *City of Chicago,* 162 id. 313, are directly in
point against the appellant in this contention, and in so
far as they conflict with the case of *Hull* v. *City of Chicago,*
156 Ill. 381, the latter is overruled.

Another objection is, that the warrant issued by the county clerk to the city collector for the collection of the assessment is void, for the reason that the whole roll was not certified at one time.    It is contended that the law authorizes the issue of only one warrant, except where an appeal or writ of error has rendered it impossible to certify the whole roll at one time.    In this case it appears that on the first hearing the roll was confirmed as to the property of the objector, but at a later date the county of Cook was permitted to re-file certain objections and to have a hearing, the result of which was that the roll was also confirmed as to its property.    The property of appellant was certified in the first warrant, and in a later warrant that of the county was certified. . If error at all to certify the roll in two parts it would be one of which appellant could not complain, for there was certainly jurisdiction to enter the first judgment, and that is the only one which affects him.    But we have frequently held that the law permits several judgments of confirmation. (*Beach* v. *People,* 157 Ill. 659.) If separate judgments can be entered, then certainly each judgment, and so much of the roll as it covers, can be separately certified.    The law contemplates in certain contingencies separate trials on the objections filed, and between the time when the first one is disposed of and the time the last is reached a long interval of time may elapse, and we can see no reason why the judgment and roll may not be certified before the last objection is adjudicated.    The fact that the statute provides that in case there be an appeal taken from part of the judgment part of the roll may be certified, does not imply that in no other case shall any part of it be certified.

It is also contended that the judgment below is erroneous because it includes in the costs an item of two cents for entering judgment against each lot.    This fee, it is claimed, is not earned at the time the judgment is taken, and therefore should not be included in the amount for

which judgment is asked. In practice, doubtless the clerk does not actually write up the record and make a formal entry of the judgment until after the conclusion of law has been announced orally by the judge. It is the theory of the law, however, that the entry of the judgment on the record is simultaneous with its rendition. At common law the practice was to transcribe the whole proceedings, including the conclusion of the law, upon a parchment roll, and this was signed by the judge and filed by the clerk, and known as the judgment roll, and constituted the record in the case. When written up, the record relates back to the time of the rendition of the judgment, and it cannot be said that in contemplation of law any time intervenes between the rendition of the judgment and its entry. We see no objection to including this item among the costs as due and unpaid, and to so hold does not in any way conflict with the case of *Combs* v. *Goff*, 127 Ill. 431, and the later case of *Gage* v. *Goudy*, 141 id. 215.

A point is also made against the book offered by the collector to make out his *prima facie* case. The title does not seem to correspond precisely with the title given in section 188 of the Revenue act, but that it was the book contemplated by that section and conformed to the requirements of the statute in its contents is not questioned. The variance in the title is of no significance. It appears, however, that the judgment entered by the county court is merely an order of sale, and not a judgment, as required by law to be entered. It is subject to the objection sustained in the case of *Gage* v. *People*, 163 Ill. 39, and on the authority of that case must be reversed.

The case will be remanded to the county court, with instructions to enter a proper judgment.

*Reversed and remanded.*